UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SLIP-N-SLIDE RECORDS, INC.,                  :
:
                   Plaintiff     :
:    13-cv-04450 (ALC)
v.                                           :
:    **OPINION AND ORDER**
THE ISLAND DEF JAM MUSIC GROUP,              :
a division of UMG RECORDINGS, INC.,          :
:
                  Defendant.    :
:
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

    In this action, Plaintiff Slip-N-Slide Records Inc. asserts claims for breaches of contract and fiduciary duty, an accounting, and a declaratory judgment against Defendant UMG Recordings in connection with a January 2006 Agreement between the parties under which Defendant agreed to market and distribute records of Plaintiff's artists. Defendant has filed a motion to dismiss every claim except for that for breach of contract. For the reasons stated below, the motion is granted.

    **I.    Facts**

    The following factual summary is derived from the factual allegations in the Amended Complaint, as well as from the parties written Agreement which, although not annexed to the Amended Complaint, is properly considered by the Court because it is integral to the pleading. *See, e.g., Holowecki v. Fed. Express Corp.*, 440 F.3d 558 (2d Cir. 2006) ("When a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it solely relies which is integral to the complaint, the court may nevertheless take the document

1

into consideration in deciding the defendant's motion to dismiss . . . ."); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 n.4 (2d Cir. 2002) (considering contracts because amended complaint "was replete with references to the contracts and requested judicial interpretation of the terms").

On January 24, 2006, the parties, both recording companies, entered into a written Agreement ("Agreement") under which the Defendant agreed to manufacture and distribute recordings of artists that had signed with Plaintiff's company ("PS Artists"). Am. Compl. ¶ 4 Under the Agreement, Defendant agreed to "a 50/50 profit-split arrangement" with Plaintiff with respect to the PS Artists. *Id.* The Agreement defines "profits" as "revenues less all charges," and provides that UMG is to provide "profit and loss statements" to Plaintiff. *See* Decl. of Richard S. Mandel Supp. Mot. to Dismiss, Ex. 1 (cited hereinafter as "Agreement"), ¶ 18(d). Defendant also agreed to make available to Plaintiff for an audit "all necessary manufacturing and sales information, data, and documents maintained by IDJ in the ordinary course of business with respect to the exploitation of [the PS Artists' records]." Agreement, ¶ 15(b)(iii). The Agreement also expressly provides that "[n]othing herein contained shall constitute an employer-employee relationship a partnership between, or a joint venture by, the parties hereto, or constitute either party the agent of the other, and neither party shall become liable for any representation, act or omission of the other which is contrary to the provisions of this paragraph." Agreement, ¶ 19(a)(i). It also provides that "[t]his writing sets forth the entire understanding between the parties." Agreement, ¶ 19(c).

Pursuant to the Agreement, Plaintiff received statements from Defendant setting forth Defendant's computation of Plaintiff's share of the profits. Unsatisfied, Plaintiff requested that

the Defendant make available documents supporting its calculation of over $15 million in charges. After UMG declined to provide such documents, Plaintiff brought this lawsuit.

## II. Analysis

### A. Applicable Legal Standards

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations in the complaint and draw all inferences in the plaintiff's favor, it is not bound by legal conclusions styled as factual allegations. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B. Breach of Fiduciary Duty

Under New York law, participants in a joint venture owe one another fiduciary duties of loyalty, to act in the best interests of and in good faith toward one another. *See, e.g., Argilus, LLC v. PNC Fin. Servs. Grp., Inc.*, 419 F. App'x 115, 119 (2d Cir. 2011). A joint venture exists where "(a) two or more persons enter into an agreement to carry on a venture for profit; (b) the agreement evinces their intent to be joint venturers; (c) each contributes property financing, skill, knowledge, or effort; (d) each has some degree of joint control over the venture; and (e) provision is made for the sharing of both profits and losses." *SCS Commc'ns, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 341 (2d. Cir 2004). "At the motion to dismiss stage, the absence of any one of these elements is fatal to the establishment of a joint venture." *Goureau v. Goureau*, No.

12-cv-6443, 2013 WL 417353, at *4 (S.D.N.Y. Feb. 4, 2013) (internal quotation marks omitted). In this case, Plaintiff has premised its breach of fiduciary duty claim on the existence of a joint venture, and Defendant argues that its claim must be dismissed because the Amended Complaint fails to plead the elements of intent to form a joint venture and an agreement to share losses. The Court agrees.

Although "[p]arties can evince their intent to be joined as joint venturers expressly through language in an agreement or impliedly through actions and conduct," *Cosy Goose Hellas v. Cosy Goose USA, Ltd*, 581 F. Supp. 2d 606, 621 (S.D.N.Y. 2008), it is axiomatic that "the best evidence of what parties to a written agreement intend is what they say in their writing." *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010). Accordingly, contractual clauses expressly disclaiming an intent to form a joint venture are considered strong evidence of the parties' lack of the requisite intent. *See, e.g., Bronx Legal Servs. v. Legal Servs. for N.Y.*, No. 02-cv-6199, 2003 WL 145558, at *8 (S.D.N.Y. Jan. 17, 2003); *Ritchie Capital Mgmt., LLC v. Coventry First LLC*, No. 07-cv-3494, 2007 WL 2044656, at *6 (S.D.N.Y. July 17, 2007); *Brainsteanu v. TM Sys., Inc.*, No. 90-cv-5149, 1992 WL 84884, at *1 (S.D.N.Y. Apr. 10, 1992). Additionally, where the parties "deal at arm's length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise *absent extraordinary circumstances*." *Boccardi Capital Sys., Inc. v. D.E. Shaw Laminar Portfolios, L.L.C.*, 355 F. App'x 516, 519 (2d Cir. 2009) (emphasis added); *see also Bronx Legal Servs.*, 2003 WL 145558, at *8 ("If the contract does not expressly impose fiduciary duties, plaintiff bears the burden of alleging extraordinary circumstances that create a fiduciary relationship.").

4

Applying these principles, the Court finds that the parties did not evince an intent to form a joint venture, given that the Agreement is a product of an arm's length commercial transaction between the parties that does not bare any indicia of a fiduciary relationship, and that it expressly disavows a joint venture. Plaintiff's principal argument to the contrary is predicated on caselaw holding that the parties' express disclaimer is not necessarily dispositive. Plaintiff relies heavily, for example, on *Union Carbide Corp. v. Montell N.V.*, 944 F. Supp. 1119 (S.D.N.Y. 1996), where the Court denied a motion to dismiss a breach of fiduciary claim premised on an alleged joint venture, notwithstanding an express disclaimer of an intent to form a joint venture in the parties agreement. *Id.* at 1132. However, the court *Union Carbide* merely observed that such clauses are not "conclusive" where "*as a whole* a contract contemplates an association of two more persons to carry on as co-owners of a business for profit." *See id.* (emphasis added). This is far from a remarkable proposition, but it simply does not apply here because Plaintiff has not pled any facts that would allow the Court to plausibly infer that the Agreement as a whole negates the force of the express language in the parties' disclaimer.[1]

The Court further finds that a joint venture did not exist because there was no agreement to share losses. *See, e.g., Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 68 (2d Cir. 2003) ("An indispensable essential of a contract of partnership or joint venture, under both common law and statutory law, is a mutual promise or undertaking of the parties to share in the profits of the

---

[1] Indeed, the court in *Union Carbide* denied the motion to dismiss after first noting that it was "[p]roceeding, as [it] must, *on the assumption* that [Plaintiff's] allegations are true, [Plaintiff] could *conceivably* prove a set of facts that would it entitle to relief." *See* 944 F. Supp. at 1132 (emphases added). Thus, it is unclear to what extent *Union Carbide*'s holding even survives the Supreme Court's decisions in *Twombly v. Bell Atl. Corp*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which stand for the proposition that a complaint must state more than a conceivable claim for relief in order to survive a motion to dismiss. *See, e.g., Iqbal*, 556 U.S. at 680 (2009) (affirming grant of motion to dismiss because the allegations in the complaint failed to cross "the line from conceivable to plausible").

business *and submit to the burden of making good the losses.*"). Plaintiff does allege that the parties agreed to share losses, *see* Am. Compl. ¶ 4, and cites as support the Agreement's provision of a 50-50 split of the "profits," and its definition of "profits" as "revenue less applicable charges," under the theory that these provisions encompass an agreement share losses in the hypothetical scenario where the charges exceed the revenue. *See* Pl. Opp'n to Mot. to Dismiss, at 3. But the Court is not bound by find Plaintiff's construction of the Agreement's provisions regarding distribution of profits to include an agreement to share losses, *see Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (on a motion to dismiss the "court is not obliged to accept the allegations of the complaint as to how to construe [documents that are integral to the complaint]"), and indeed rejects this interpretation as strained and implausible. Among other things, the Agreement makes absolutely no provision for Defendant to recover these theoretical losses, although it includes several provisions regarding Plaintiff's recovery of profits. *See, e.g.,* Agreement, ¶ 5(a)-(b) (providing Plaintiff shall "accrue fifty percent (50%) of Profits"), ¶ 6(e) (reaffirming Defendant's "obligation to pay [Plaintiff] fifty percent (50%) of Profits"), ¶ 15(a)(ii) (detailing what Defendant "will pay to [Plaintiff] with respect to each accounting"); *see also Bejjani v. Manhattan Sheraton Corp.*, No. 12-cv-6618, 2013 WL 3237845, at *16 (S.D.N.Y. June 27, 2013) (granting motion to dismiss contract claims because they "hinge[d] on Plaintiffs' implausible reading of the [contract]")

In short, Plaintiff's breach of fiduciary duty claim is dismissed because the Amended Complaint fails to allege facts that would give rise to a plausible inference of a joint venture.

### C. Accounting

Under New York law, an action for an accounting is an equitable one that "will not lie in the absence of a fiduciary relationship between the parties," unless there are some "special

circumstances" that entitle the Plaintiff to equitable relief in the interest of justice. *See, e.g. Mex. Haas Avocado Imps. Ass'n v. Preston/Tully Grp. Inc*, 838 F. Supp. 2d 89, 97 (E.D.N.Y. 2012) (collecting cases); *see also Radin v. Albert Einstein Coll. of Med of Yeshiva Univ.*, No. 04-cv-704, 2005 WL 1214281, at *14 n.25 (S.D.N.Y. May 20, 2005) (granting motion to dismiss claim of equitable accounting where no facts alleged to establish fiduciary relationship). This is true even where, as here, Plaintiff asserts a *contractual* entitlement to an accounting. *See, e.g., Mex. Haas Avocado*, 838 F. Supp. 2d at 98; *Gersten-Hillman Agency, Inc. v. Heyman*, 68 A.D.3d. 1284, 1287 (3d Dep't 2009) (dismissing accounting claim predicated on a contract, holding that "plaintiff is relegated to an action for damages for the alleged breach of the agreement by defendant and can determine the amount it is owed, if any through an examination before trial and discovery") (citation omitted).

As with its breach of fiduciary duty claim, Plaintiff's claim for an accounting is premised upon the existence of a joint venture. As detailed in Section-II-B, *supra*, however, the Amended Complaint fails to adequately allege the existence of a joint venture. Further, Plaintiff likewise fails to adequately allege the existence of any special circumstances warranting equitable relief in this case, as the fact that Plaintiff might be "ignorant of the amount of [r]evenues and [c]harges as defined in the Agreement," *see* Am. Compl. ¶ 16, is not a cognizable circumstance under New York law. *See Gersten-Hillman Agency*, 68 A.D.3d at 1287 ("The mere fact that the defendant collected proceeds and the plaintiff may be unaware of the exact amount to which it is entitled does not make the defendant a fiduciary.") (quoting *Nat'l Comm. on Observance of Mother's Day v. Kirby, Block & Co.*, 17 A.D.2d 390, 391 (1st Dep't 1962)). The claim for an accounting is therefore dismissed.

### D. Declaratory Judgment

In deciding whether to exercise jurisdiction over a declaratory action, a district court must consider whether a declaratory judgment would (1) "serve a useful purpose in clarifying or settling the legal issues involved" and (2) "finalize a controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). Applying this rubric, courts in this District have held that a claim seeking a declaratory judgment interpreting a contractual provision will not lie when that provision will of necessity be interpreted during the course of the litigation. *See, e.g., Mars Adver. Eur. Ltd. v. Young & Rubicam, Inc.*, No. 13-cv-0401, 2013 WL 1790896, at *11 (S.D.N.Y. Apr. 24, 2013); *Camofi Master LDC v. Coll. P'Ship, Inc.*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006). Defendant moves to dismiss Plaintiff's claim for a declaratory judgment in this case on these grounds, and a cursory review of the Amended Complaint illustrates that the breach of contract and declaratory judgment claims are in fact duplicative.

Specifically, Plaintiff's breach of contract claims seeks damages for Defendant's alleged breach of Paragraph 15(b)(iii) of the Agreement, which provides that Defendant would "make all necessary manufacturing and sales information, data, and other documents maintained by IDJ in the course of business with respect to the exploitation of PS Artist Records" available to the Plaintiff for inspection. Am. Compl. ¶ 10. Plaintiff alleges that Defendant has breached this provision by refusing to provide back-up documentation and to otherwise properly account for and pay Plaintiff its 50% share of the profits. Am. Compl. ¶ 11. Its claim for a declaratory judgment that the Defendant "should not be permitted to deduct any Charge for which it does not provide back-up information," Am. Comp. ¶ 22, meanwhile, is based on primarily the same grounds. *See* Am. Compl. ¶ 21 ("[Defendant] *has failed and refused to provided any back-up* to

8

the Disputed Charges despite the facts that: [Defendant] owes a fiduciary duty to plaintiff; plaintiff cannot verify the accuracy of the Disputed Charges without this information; and *paragraph 15(b)(iii) provides that plaintiff shall have access to [Defendant] business records* to verify the accuracy of its statements.") (emphases added).  In fact, the only non-duplicative basis alleged, i.e., that Defendant "owes a fiduciary duty to [P]laintiff," has already been held by the Court to be insufficient as a matter of law.  *See* Section II-B, *supra*.  Plaintiff's claim for a declaratory judgment is therefore dismissed.

### III.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss counts II, III and IV of the Amended Complaint is granted.

**SO ORDERED.**

Dated: May 21, 2014

     New York, NY

                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**